$400

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **JOSEPH B. RISDORFER** | : |
| **9531 State Road, Apt. 9H** | : |
| **Philadelphia, PA  19114** | : |
|  | : **CIVIL ACTION** |
|  | : |
|  | : |
| **vs** | : |
|  | : |
| **UNITED STATES OF AMERICA** | : |
| **DEPARTMENT OF VETERANS AFFAIRS** | : **NO.** |
| **3900 Woodland Avenue** | : |
| **Philadelphia, PA 19104** | : |

18 5924

**FILED**
FEB -7 2018

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## COMPLAINT

### PARTIES

1.     Plaintiff, Joseph B. Risdorfer, is an adult individual and resides at 9531 State Road, Apartment 9H, Philadelphia, Pennsylvania, 19114.

2.     The U.S. Department of Veterans Affairs was established as an independent agency of the Defendant, United States of America.

3.     The U.S. Department of Veteran Affairs, through its Veterans Health Administration, operates medical facilities throughout the United States, including the Philadelphia VA Medical Center where the alleged medical malpractice took place.

4.     Defendant, United States, by and through its agency, the U.S. Department of Veteran Affairs, hired, retained, contracted with, supervised, controlled and is responsible for physicians, nurses, and other health care providers including the physicians, nurses, and other health care providers involved in the care and treatment of plaintiff at the Philadelphia VA Medical Center.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction as the claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671  et seq  and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

6.     Venue is proper within this district under 28 U.S.C. § 1402 (b) as the acts complained of occurred in the Eastern District of Pennsylvania.

## NOTICE

7.     On or about June 24, 2016, Plaintiff timely filed an executed  Standard Form 95  with the Department of Veterans Affairs, Office of Regional Counsel, thereby timely making an administrative claim for damages and injuries consistent with the Federal Tort Claims Act,  et seq. A true and correct  copy of transmittal letter and  form is attached hereto as Exhibit "A".

8.     On August 14, 2017, the Office of General Counsel for U.S. Department of Veterans Affairs denied plaintiff's claim referenced in their Standard Form 95.  A true and correct copy of the letter is attached hereto as Exhibit "B".

9.     As six months has passed since plaintiff received the denial, plaintiff files this Complaint.

10.     Plaintiff therefore asserts this Complaint is timely, pursuant to 28 U.S.C. § 2401.

11.     Plaintiff has therefore exhausted all necessary administrative remedies prior to bringing this action, thus vesting jurisdiction in this Court.

## FACTS

12.     Plaintiff injured his right knee on December 10th, 2013 as a result of a fall on ice.

13.     On the aforesaid date, plaintiff presented at the VA Hospital, 3900 Woodland

Avenue, Philadelphia, Pennsylvania where he was evaluated, underwent radiologic studies, and was released with crutches, placed into a knee immobilizer and prescribed pain medication.

14.     On December 11, 2013, plaintiff underwent an MRI of right thigh and knee which revealed a possible quadriceps tendon tear for which no appropriate treatment was provided.

15.     Plaintiff experienced increased pain and weakness in his right leg causing difficulty ambulating resulting in plaintiff sustaining numerous falls and further injury to his knee.

16.     Defendant did no additional testing nor investigation into the causes of plaintiff's ongoing symptoms until May 7, 2014 when he underwent an MRI of the right knee.

17.     A comparison with the previous MRI study, revealed that the injury to the quadriceps tendon progressed since the preceding study.

18.     Plaintiff was diagnosed with the previously untreated ruptured quadriceps tendon.

19.     In August, 2014 plaintiff underwent repair of the quadriceps tendon with graft which was done with a cadaver allograft.

20.     If the aforementioned symptoms as well as other symptoms set forth in plaintiff's records, radiological and diagnostic studies, had been appropriately investigated and treated, plaintiff's quadriceps tendon tear would have been discovered in a timely manner preventing a full rupture of the tendon resulting in surgical intervention

21.     Defendant failed to diagnose and treat the ruptured quadriceps over a six months period of time.

22.     The negligence and carelessness of the United States and its employees and agents was a substantial factor in bringing about Plaintiffs injuries and losses and a factual cause of Plaintiffs injuries and losses.

23.     The Defendant United States and its employees and agents delayed in diagnosing

plaintiff's ruptured quadriceps, resulting in further injury and extensive surgical intervention. Accordingly, the Defendant is responsible for the claims made in this lawsuit

24.　The negligence and carelessness of the Defendant, United States, acting directly and through its agents (actual ostensible or otherwise) servants and/or employees included the following:

a.　Vicarious liability for the negligence acts of its agents, servants and/or employees including all medical providers who provided relevant services to plaintiff;

b.　failing to properly diagnose the ruptured quadriceps ;

c.　failing to properly diagnose ruptured quadriceps until such time as it was Stage IV and inoperable;

d.　failing to adequately assess plaintiff's medical condition;

e.　failing to monitor plaintiff's medical condition;

f.　failing to timely and properly treat plaintiff's medical condition;

g.　failing to exercise due care in the professional practice of several medical disciplines;

h.　failing to order proper tests to diagnose the ruptured quadriceps;

i.　failing to provide proper follow-up care;

25.　The negligence of the Defendant, as described herein, was the legal cause of the plaintiffs injuries and damages as described herein.

26.　The negligence of the Defendant, as described herein, increased the risk of harm to plaintiff who suffered the injuries and damages as detailed in the within Complaint.

27.　As a direct and proximate result of the negligence and carelessness of the Defendant, and as described herein, the plaintiff suffered and the Defendant is liable to plaintiff for the hereinbefore described injuries and damages.

WHEREFORE, plaintiff, demands judgment against defendant, United States of America

in an amount in excess of seventy-five ($75,000.00) exclusive of costs.

THE RADMORE FIRM, LLC

\s\ James R. Radmore

JAMES R. RADMORE, ESQUIRE
Attorney for plaintiff
Two Penn Center, Suite 520
1500 JFK Boulevard
Philadelphia, PA   19102
215 568 9900

# EXHIBIT "A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit to Appropriate Federal Agency:**

Office of General Counsel (02rB)
810 Vermont Ave NW
Washington, DC. 20420

**2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.**

Joseph B Kistopher
PO Box 63514
Phila. PA. 19147

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☑ CIVILIAN | 8/20/50 | S | 12-10-2013 | 1715HRS |

**8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)**

Title 38- 1151 - Right Knee Injury-Malpractice
Key Dates - 12/10/13 - 1-08-14 - 1-13-14
Details outlined on Pages 2/3/4/5

**9. PROPERTY DAMAGE** (02) 961-4500

**NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).**

Claims office

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).**

6/27/16 Alisha - received 6/29/16

**10. PERSONAL INJURY/WRONGFUL DEATH**

**STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.**

Permanent injury + Disability of Right Knee injury
Attached with Allathsgraph + Scpeut (Picture included)
Because VA Employee's MPs Diagnosis, Carelessness/lack Propershill

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Valeria Stella Bahrer CR NP | 38 Woodland Phila PA MJC - VA medical Center |

**12. (See instructions on reverse).** **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | $2,000,000.— | | $2,000,000.— |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| B Kistopher | 215-520-3652 | 6/24/16 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# EXHIBIT "B"

 **VA** | **U.S. Department
of Veterans Affairs**

Office of the General Counsel
Washington DC 20420

AUG 1 4 2017   In Reply Refer To:  021: GCL: 26661

Certified Mail

Mr. Joseph B. Risdorfer
P.O. Box 63714
Philadelphia, Pennsylvania 19147

Subject: Your Administrative Tort Claim

Dear Mr. Risdorfer:

This office has now completed reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied.

Our reconsideration of your claims, which included consideration of the reviews of an orthopedic surgeon, a physical therapist, and an emergency room physician, who were not involved with your care, found no evidence of any negligent or wrongful act or omission on the part of a Department of Veterans Affairs (VA) employee acting within the scope of his or her employment at the Philadelphia, Pennsylvania Veterans Affairs Medical Center that resulted in harm with respect to the alleged failure to diagnose and treat a right knee and thigh injury.

Although we regret that you required additional medical treatment to treat a right quadriceps injury, our review failed to reveal evidence any deviation from the standard of care. Accordingly, you claim is again denied.

Further action on the matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

It is noted that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely yours,

*Pamela Creme-Allen*

*for*
E. Douglas Bradshaw, Jr.
Chief Counsel, Torts Law Group